IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID E. HOFFMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:21-cv-00973 |
| ) | Hon. Patricia Tolliver Giles |
| HOMAYOUN RANJIJIFROODY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendants Loansmarter Inc., Loansmarter.com, Mortgage Enterprise America Inc., and Homayoun Ranjijifroody's (collectively, "Defendants") Motion to Dismiss (Dkt. 33) the Complaint filed by Plaintiff David Hoffman Jr. ("Plaintiff"). Plaintiff sued Defendants alleging trademark infringement. Because Plaintiff has failed to meet his burden of demonstrating that the Court can exercise personal jurisdiction over Defendants, Defendants' Motion to Dismiss (Dkt. 33) is **GRANTED**.

### I. BACKGROUND

Plaintiff, David Hoffman Jr., owns the trademark "LOANSMART" and has used that name for his mortgage services company since 1998. Plaintiff registered the trademark in 2008. Defendant Homayoun Ranjijifroody (also known as "Howie Jays") owns and operates Loansmarter Inc., formerly named Mortgage Enterprise America Inc. Defendant Ranjijifroody is domiciled in Florida, and Loansmarter Inc. and Mortgage Enterprise America Inc. are corporations organized under the laws of Florida. Loansmarter.com is the domain name to Loansmarter Inc.'s website.

On August 23, 2021, Plaintiff filed a complaint alleging trademark infringement in the United States District Court for the Eastern District of Virginia. Dkt. 1. On October 29, 2021, Defendants filed a motion to dismiss and an accompanying memorandum of law, arguing that Defendants had not engaged in activity that brought them within Virginia's long-arm statute and that they lacked the requisite minimum contacts to comport with Due Process under the United States Constitution. Dkts. 33 and 34. Defendants maintained, among other things, that they had not engaged in business activities, derived income from any services rendered or activities taking place, contracted to supply services, owned or leased property, had bank accounts, nor paid taxes in the Commonwealth of Virginia. *See* Def. Memo. In Support (Dkt. 34); Declaration of Homayoun Ranjijifroody aka "Howie Jays" (Dkt. 34-1) at ¶¶ 11–17; Combined Declaration of Loansmarter Inc. and Mortgage Enterprise America Inc. (Dkt. 34-2) at ¶¶ 12, 15, 16–20. Defendants also declared that neither Loansmarter nor Mortgage Enterprise America had ever closed any loans in Virginia or communicated with any Virginia resident about the provision of mortgage brokerage services. Dkt. 34-2 at ¶¶ 25, 29.

On November 12, 2021, Plaintiff filed an opposition arguing that four grounds established that jurisdiction was proper: (1) Defendants' "interactive website" and social media posts are directed at the forum; (2) Defendant Ranjijifroody has a Virginia mortgage loan originator license; (3) Defendant Loansmarter Inc. has a Virginia broker license; and (4) Defendants are allegedly involved in $20 million of loans in Virginia. *See* Plaintiff's Opposition to Def. Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 42). In support of his claim regarding the $20 million in loans, Plaintiff asserted that he had a "database search performed for loan mortgages" in Virginia associated with Loansmarter Inc. *See* Second Declaration of David Hoffman (Dkt. 42-2) at ¶ 1. Plaintiff also submitted a document that was purportedly the "database search" and an email

requesting the "database search." Dkt. 42-1, Exhibits D, E. The email redacted the name of the individual from whom Plaintiff had requested the information. Dkt. 42-1, Exhibit D.

On December 1, 2021, Defendants filed their reply. Dkt. 48. Defendants disputed, among other things, the veracity of Plaintiff's document. The document that Plaintiff purports is a "database search" does not specify the "database," who conducted the search, or that the loan amounts referenced within the document were specifically related to Virginia. Dkt. 48 at p. 8; Dkt. 42-1, Exhibit E. Additionally, Defendants continued to deny that they were ever involved in any loans in Virginia, and proffered evidence to support their position. In particular, Defendants countered with state filings in which Defendants asserted they had done no business in the Commonwealth of Virginia for any period in 2021. *See* Second Declaration of Homayoun Ranjijifroody aka "Howie Jays" (Dkt. 48-1) at ¶¶ 3–9; Dkt. 48-1, Exhibits A–C.

Whether or not Defendants were involved in $20 million in loans in Virginia is material to the jurisdictional question. As stated, this fact is disputed between the parties. Where the existence of jurisdiction turns on disputed factual questions, then the court may resolve the challenge based on a separate evidentiary hearing or defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Under these circumstances, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant. *Id.* at 677. Because this case involves a disputed factual question, the Court held an evidentiary hearing on December 9, 2021.

At the evidentiary hearing, Plaintiff's counsel acknowledged that the proffered evidence—the "database search"—was missing certain tenets of reliability, particularly the source of the purported evidence was concealed. *See* Dkt. 42-1, Exhibit E. Plaintiff's counsel proffered only

3

that a "colleague" of Plaintiff conducted the search. Plaintiff's counsel also stated that Plaintiff was unwilling to provide any additional evidence as to the location or origination of the document or its source at that time.[1] After considering the evidence adduced by the parties, both in their briefs and at the evidentiary hearing, the Court finds that the "database search" that Plaintiff submitted was not authenticated and lacked any indicia of trustworthiness, and that Plaintiff has not presented reliable evidence of the alleged $20 million in loans in Virginia.

The Court will now consider the balance of the parties' arguments regarding personal jurisdiction.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. As stated, a plaintiff bears the burden for establishing the basis for personal jurisdiction. *Combs*, 886 F.2d at 676. When the Court conducts an evidentiary hearing, the plaintiff must establish that personal jurisdiction is proper by a preponderance of the evidence. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) ("[A]n 'evidentiary hearing' requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments."). *Id.* If the Court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a *prima facie* case of personal jurisdiction. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

A district court has broad discretion to determine the procedure it will follow in resolving a motion challenging personal jurisdiction. *Grayson*, 816 F.3d at 268. Essentially, the Court "properly carries out its role of disposing of a pretrial motion under Rule 12(b)(2) by applying

---

[1] The Court notes that Plaintiff could have used legal process to obtain records from the entity that maintains the database.

4

procedures that provide the parties with a fair opportunity to present to the court the relevant facts and their legal arguments before it rules on the motion." *Id.* at 269.

### III.  DISCUSSION

In order to assert personal jurisdiction over a defendant, the Court must first consider whether jurisdiction is authorized by Virginia law, and then whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment to the U.S. Constitution. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Virginia's long-arm statute permits personal jurisdiction to the fullest extent allowed by due process, which merges the statutory inquiry with the constitutional inquiry. *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990); Va. Code Ann. § 8.01–328.1. As a result, the existence of personal jurisdiction depends on whether such an exercise of jurisdiction comports with the Due Process Clause of the U.S. Constitution.[2] Explained further below, the Court finds that it cannot exercise personal jurisdiction over Defendants because Plaintiff's claim fails to satisfy due process requirements of the U.S. Constitution. Accordingly, the Court need not evaluate Plaintiff's arguments with respect to Virginia's long-arm statute and will proceed to the due process jurisdictional analysis.[3] *See Prototype Prods., Inc. v. Reset, Inc.*, 844 F. Supp. 2d 691, 701 (E.D. Va. 2012) (holding that when the court finds exercising jurisdiction is inconsistent with due

---

[2] Two types of jurisdiction satisfy due process: (1) general jurisdiction and (2) specific jurisdiction. "[G]eneral jurisdiction exists for claims entirely distinct from the defendant's in-state activities when a defendant's activities in the state have been continuous and systematic." *Hunt v. Calhoun Cty. Bank, Inc.*, 8 F. Supp. 3d 720, 726 (E.D. Va. 2014) (internal quotation and citation omitted). Plaintiff does not allege the Court has general jurisdiction to hear this matter; Plaintiff's sole argument is rooted in specific personal jurisdiction. *See, e.g.*, Dkt. 42 at p. 7.

[3] Plaintiff argues, among other things, that Defendant Loansmarter Inc.'s registration with the National Multistate Licensing System & Registry ("NMLS") is sufficient to establish jurisdiction under Virginia's long-arm statute. Dkt. 42 at p. 6. Plaintiff claims that NMLS has a public facing search engine that could be accessed by Virginia consumers. *Id.* While it is not necessary to address this argument, the Court notes that it disagrees with Plaintiff's position.

5

process, it is unnecessary to determine whether defendant's activities satisfy "the narrower reach of Virginia's long-arm statute").

Specific jurisdiction exists when a defendant has sufficient "minimum contacts" with a forum state such that the maintenance of the suit does not "offend traditional notions of fair play and substantial justice." *Consulting Eng'rs Corp.*, 561 F.3d at 277 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In other words, the defendant must have purposely established minimum contacts such that "it should reasonably anticipate being haled into court there on a claim arising out of those contacts." *Sneha Media & Ent., LLC v. Assoc. Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018).

Plaintiff argues this Court has specific personal jurisdiction based on: (1) Defendants' "interactive website" and social media posts directed at the forum, (2) Defendant Ranjijifroody having a Virginia mortgage loan originator license; and (3) Defendant Loansmarter Inc. having a Virginia broker license.[4] Plaintiff argues these actions constitute minimum contacts such that it is proper for the Court to exercise specific personal jurisdiction. Defendants dispute the allegation that the Loansmarter.com website is "interactive," and further dispute that this Court has specific personal jurisdiction.

In analyzing due process requirements for asserting specific jurisdiction, the Fourth Circuit has set out a three part test directing the Court to consider, in order, "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the

---

[4] As stated previously, Plaintiff also claimed that Defendants had done $20 million in business in Virginia in 2021. Dkt. 42-1, Exhibit E. When the Court provides an opportunity for parties to present both the relevant jurisdictional evidence and their legal arguments, it must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate the court's personal jurisdiction over the defendant. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). Here, the Court finds that Plaintiff has not presented reliable evidence of the alleged $20 million in loans in Virginia and thus Plaintiff has failed to meet its burden.

exercise of personal jurisdiction would be constitutionally reasonable." *Hunt v. Calhoun Cty. Bank, Inc.*, 8 F. Supp. 3d 720, 726–27 (E.D. Va. 2014).

For the first prong of the test, the Fourth Circuit considers a variety of nonexclusive factors to determine whether a defendant has purposely availed himself of the forum. These factors include: (1) maintaining offices or agents; (2) holding property; (3) soliciting or initiating business; (4) deliberately engaging in significant or long-term business activities; (5) selecting the forum state in a choice of law clause; (6) contacting a resident of the forum state in person regarding the business relationship; (7) requiring performance of contracted duties in the forum state; and (8) the nature, place, and extent of communications about the business being transacted. *Sneha*, 911 F.3d at 198–99.

Defendants have not committed at least seven of the eight actions that indicate purposeful availment such that a finding of minimum contacts with Virginia would be appropriate. Defendants have not (1) maintained offices or agents in Virginia (Dkt. 34-2 at ¶ 21); (2) held property in Virginia (Dkt. 34-1 at ¶ 14; Dkt. 34-2 at ¶ 17); (3) solicited or initiated business in Virginia (Dkt. 34-2 at ¶¶ 12, 16); (4) deliberately engaged in significant or long-term business activities in Virginia (Dkt. 34-1 at ¶ 11; Dkt. 34-2 at ¶ 27); (5) selected Virginia in any choice of law clause (Dkt. 34-2 at ¶ 22); (6) contacted any Virginia resident regarding business relationships (Dkt. 34-2 at ¶ 23); or (7) required any performance of contracted duties in Virginia (Dkt. 34-1 at ¶ 13; Dkt. 34-2 at ¶ 24). Also, Defendants assert the nature, place, and extent of communications of their business do not relate to Virginia (Dkt. 34-2 at ¶¶ 23, 25). *See, e.g.*, Dkt. 34-1 at ¶ 11. Plaintiff has not produced sufficient evidence to support any of these factors. As explained above, Plaintiff's only evidence to refute Defendants' proof is an unverifiable document. *See* Dkt. 42-1, Exhibit E.

Further, Defendants Ranjijifroody's and Loansmarter Inc.'s licenses in Virginia are not enough to establish purposeful availment. *Ratliff v. Cooper Lab'ys, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971) ("Applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another."). In *Ratliff*, the Fourth Circuit found that an application to do business and appointment of an agent for service to fulfill a state law was "of no special weight" in determining whether the defendant's activities in the forum satisfied due process requirements. *Id.* Although Defendants did apply for and receive licenses in Virginia, they have never used those licenses or conducted any business in Virginia. *See* Dkt. 48-1 at ¶¶ 2–3. Plaintiff was unable to produce verifiable evidence of his allegation that Defendants conducted substantial business in Virginia in his briefings or in the subsequent evidentiary hearing. Plaintiff failed to identify the database or person from which the document purported to support his allegation originated. Plaintiff refused to provide additional information when requested by the Court. The unverified document lacked any indicia of reliability, and thus was not considered by the Court. As such, under *Ratliff*, Defendants' action of simply applying for the privilege to do business in Virginia is insufficient. The Plaintiff fails to show that Defendants exercised that privilege, so the licenses alone are not grounds for the Court to exercise personal jurisdiction over Defendants.

Likewise, the Defendants' website and social media posts are not a sufficient basis for the Court to assert jurisdiction without something more. Plaintiff improperly relies on the finding in *TELCO Commc'ns v. An Apple A Day*, 977 F. Supp. 404 (E.D. Va. 1997), that the mere presence of a website, without more, is enough to subject a defendant to personal jurisdiction wherever the website is accessible. Other courts have reached the same result as this Court or distinguished this *TELCO* finding. *See, e.g., Rannoch, Inc. v. Rannoch Corp.*, 52 F. Supp. 2d 681, 684–86 (E.D. Va. 1999) (while citing *TELCO* and acknowledging that defendant's conduct might satisfy Virginia

long-arm statute, finding that placement of a website on the Internet with knowledge of the possibility that the site might be accessed in Virginia did not comport with due process requirements); *Vinten v. Jeantot Marine Alls., S.A.*, 191 F. Supp. 2d 642, 647 n. 10 (D.S.C. 2002) (distinguishing *TELCO* and stating that "[m]any courts have concluded that, absent any other actions taken by the defendant directed at the forum, an interactive website alone will not establish minimum contacts for purposes of personal jurisdiction"). This Court agrees with those courts that have found that a defendant's actions directed at the forum require more than a website to satisfy due process jurisdictional requirements. Moreover, a social media post "#Virginia" is not enough to establish minimum contacts to comport with the Due Process Clause without more. In this case, none of the Defendants have originated or been involved with loans in Virginia (Dkt. 48-1 at ¶¶ 3, 7–9; Dkt. 34-2 at ¶ 29); Virginia residents have not registered with or submitted any loan applications through the Loansmarter.com website (Dkt. 34-2 at ¶ 32); and Defendants have not contracted with Virginia residents nor communicated with any Virginia residents about the provision of mortgage brokerage services (Dkt. 34-1 at ¶ 13; Dkt. 34-2 at ¶¶ 16, 25, 26). Thus, neither Defendants' website nor social media posts, without more, can establish minimum contacts where Defendants should "anticipate being haled into court [here] on a claim arising out of those contacts." *Sneha*, 911 F.3d at 198.

Accordingly, Plaintiff failed to satisfy the first prong of the Fourth Circuit's due process test. Because the Fourth Circuit's test requires fulfillment of all three prongs, and Plaintiff failed to prove the first prong, the Court need not evaluate the remaining prongs.

## IV.   CONCLUSION

Defendants Ranjijifroody, Loansmarter.com, Mortgage Enterprise America Inc., and

Loansmarter Inc.'s Motion to Dismiss (Dkt. 33) is **GRANTED**.  The Complaint is **DISMISSED**.

    It is **SO ORDERED.**

February 2, 2022  
Alexandria, Virginia

                                             /s/  
                               Patricia Tolliver Giles  
                               United States District Judge